IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-02092-D

**Jackie Emmitt Moorehead**,

    Petitioner,

v.

**State of North Carolina**,

    Respondent.

**Memorandum & Recommendation**

    Petitioner Jackie Emmitt Moorehead ("Moorehead"), a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts ("Habeas Rules"). Under Rule 4, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. The court may *sua sponte* dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). For the following reasons, the undersigned recommends that Moorehead's petition be dismissed as untimely and that a certificate of appealability be denied.

    On September 23, 1986, in Halifax County Superior Court, Moorehead pled no contest to one count of first degree sexual offense. Pet. at 1, D.E. 1. Moorehead was sentenced to life in prison, and he did not appeal. *Id.* at 1–2. On March 5, 2014, Moorehead filed a motion for

appropriate relief ("MAR") in Halifax County Superior Court, which was denied on March 10, 2014. Pet'r. Ex. at 8, D.E. 1-1. On April 22, 2014, Moorehead filed a petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on May 7, 2014. *Id.* at 29. Finally, on January 15, 2015, Moorehead filed a petition for writ of certiorari in the North Carolina Supreme Court, which was dismissed on March 5, 2015. *Id.* at 30. The instant petition was filed on or about May 6, 2015. Pet. at 20, D.E. 1.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a person in custody pursuant to the judgment of a state court file any application for a writ of habeas corpus within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(l)(A)–(D); *see Frasch v. Peguese*, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 560–61. However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief will count against the one-year limitation period. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 638 (2010); *Hernandez v.*

*Caldwe*ll, 225 F.3d 435, 438–39 (4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Thus, only the "pending period" is tolled. Once the state's highest court orders a final disposition in the state post-conviction proceedings, the prior limitations period resumes. *See, e.g.*, *Holland*, 560 U.S. at 635, 638; *Hernandez*, 225 F.3d at 438–39; *Harris*, 209 F.3d at 327.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Because Moorehead did not appeal his conviction, his judgment became final on October 7, 1986, when the fourteen-day time period to serve notice of appeal expired. *See* N.C. R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). The statutory period then began to run on October 7, 1986, and ran for 365 days until it expired on October 7, 1987. *See, e.g.*, *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Moorehead's March 5, 2014 MAR and other postconviction filings did not reopen his time for filing a habeas petition. *See id.* Accordingly, absent equitable tolling, Moorehead's May 6, 2015 petition is untimely.

AEDPA's one-year statute of limitations is subject to equitable tolling. *Holland*, 560 U.S. at 645–49. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation omitted); *see Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green*, 515 F.3d at 304 (quotations omitted); *see Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc); *Jackson v. Kelly*, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict

application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris*, 209 F.3d at 330.

Moorehead has not demonstrated diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition. *See Whiteside*, 775 F.3d at 186. Unfamiliarity with the legal process, lack of representation, and even illiteracy do not constitute grounds for equitable tolling. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512–13 (4th Cir. 2004); *Harris*, 209 F.3d at 330–31 (collecting cases); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). Moorehead has not put forth any reason why he did not or could not file the present petition within ADEPA's one-year statute of limitations period. Therefore, the undersigned recommends that Moorehead's petition be dismissed as untimely.

Finally, the undersigned also recommends that the court not issue a certificate of appealability. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**Conclusion**

For the foregoing reasons, the undersigned recommends that Moorehead's petition be dismissed without prejudice and that a certificate of appealability be denied.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Moorehead. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Moorehead does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: January 11, 2016

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE