IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2092-D

| | | |
|---|---|---|
| JACKIE EMMITT MOOREHEAD, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | **ORDER** |
| STATE OF NORTH CAROLINA, | ) ) | |
| Respondent. | ) ) ) | |

On January 11, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 5]. In that M&R, Judge Numbers recommended that Jackie Emmitt Moorehead's ("Moorehead" or "petitioner") 28 U.S.C. § 2254 petition be dismissed as untimely. M&R 4. On January 21, 2016, Moorehead objected to the M&R [D.E. 6].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners

Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Moorehead's objections state in their entirety:

> Petitioner now comes and lodges objection to all of the Findings and Recommendations entered by the Magistrate Judge that are unfavorable to the Petitioner. Petitioner's objections are more fully explained in __ additional sheet(s), which are attached and incorporated by reference. Petitioner is a layman of law, unable to secure legal counsel, and was not appointed counsel by the U.S. Magistrate Judge. Petitioner therefore requests that these objections be liberally construed, and that the District Court Judge review the Findings and Recommendations for the errors specified herein and any others that may be found to have occurred, and further, that Petitioner be appointed counsel to represent him/her in further proceedings, and that the relief sought in this habeas petition is granted.

Objs. [D.E. 6] 1.

Although Moorehead mentioned "additional sheet(s)," he provided no further argument in support of his objections. Because Moorehead's boilerplate objections fail to address the M&R in any meaningful way, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

The court has reviewed the M&R, the record, and the petition. The court is satisfied that there is no clear error on the face of the record. The statutory period for Moorehead to file a habeas petition expired in 1987. Moorehead did not file his petition until on or about May 6, 2015, and has not plausibly alleged any basis for equitable tolling. See M&R 1–4.

2

In sum, the court adopts the conclusions in the M&R [D.E. 5], and the petition [D.E. 1] is DISMISSED without prejudice as untimely. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 11 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge